UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
:
DEREK GLOVER, :
:
:
Petitioner, :
: 20-CV-10359 (JMF)
-v- :
: MEMORANDUM OPIINON
BRONX SUPREME COURT, : AND ORDER
:
Respondent. :
:
------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On December 9, 2020, Derek Glover filed a petition for the writ of habeas corpus. *See* ECF No. 2. On May 24, 2021, Respondent moved to dismiss. *See* ECF No. 15. The next day, the Court entered an order granting Glover until July 5, 2021, to file either an amended petition or an opposition to Respondent's motion. *See* ECF No. 17. When Glover did not file anything by that date, the Court entered an Order to Show Cause why the petition should not be dismissed as abandoned or for lack of prosecution. *See* ECF No. 18. A few days later, the Court received an email communication from Petitioner (who was released from prison sometime after the filing of his Petition) along with a document titled "First Amended Complaint" that purported to bring claims under Section 1983 against the "Bronx Supreme Court," the "Bronx 52nd Precinct," and two detectives from the New York City Police Department. *See* ECF No. 19. The Court rejected the filing as procedurally improper, but granted Glover an extension until August 19, 2021, to file a proper amended Petition or an opposition to Respondent's motion to dismiss. *See id.* To date, Glover has not filed either an opposition or an amended Petition.

In light of the foregoing history, including Glover's release from custody, there is good reason to believe that Glover has abandoned his Petition. (Notably, its procedural improprieties aside, the "First Amended Complaint" is not actually an amended version of the Petition. Instead, it is a new complaint purporting to bring claims for damages under Section 1983. Thus, its filing does not suggest that Glover intends to pursue his Petition. If Glover does intend to pursue claims under Section 1983, he must do so in a new lawsuit; there is no basis to bring such claims in this case.) In any event, Glover's Petition must be and is dismissed for the reasons stated in Points I and II of Respondent's memorandum of law in support of its motion to dismiss, *see* ECF No. 15, at 10-12, namely: failure to name the proper respondent, *see, e.g.*, *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004), and failure to comply with Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts, which requires a petition to "specify all the grounds for relief" and to "state the facts supporting each ground." *See also, e.g.*, *Mayle v. Felix*, 545 U.S. 644, 656 (2005) ("Notice pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." (cleaned up));

*Jhagroo v. Immigration Court*, No. 19-CV-3689 (CM), 2019 WL 6051444, at *3 (S.D.N.Y. Nov. 13, 2019) (noting that a petition "must permit the Court and the respondent to comprehend both the petitioner's grounds for relief and the underlying facts and legal theory supporting each ground so that the issues presented in the petition may be adjudicated").

Accordingly, Respondent's motion to dismiss is GRANTED, and the Petition is DISMISSED.  If Glover believes that he can address the deficiencies discussed above, and that his claims would be timely because he is eligible for equitable tolling (or otherwise), *see* ECF No. 15, at 12-19 (moving to dismiss the Petition as untimely), he shall seek leave to file an amended Petition **within thirty days of the date of this Memorandum Opinion and Order**, in which case the Court may reopen the case.

Glover has not made a substantial showing of the denial of a constitutional right and, accordingly, a certificate of appealability will not issue.  *See* 28 U.S.C. § 2253(c); *see also, e.g.*, *Matthews v. United States*, 682 F.3d 180, 185 (2d Cir. 2012).  In addition, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Memorandum Opinion and Order would not be taken in good faith, and *in forma pauperis* status is thus denied.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to terminate ECF No. 15, to close this case, and to mail a copy of this Memorandum Opinion and Order to Glover.

SO ORDERED.

Dated: August 27, 2021
New York, New York

_____
JESSE M. FURMAN
United States District Judge